IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

NIKKIA RATLIFF                          PLAINTIFF

vs.            CASE NO. CV08-12038 (9TH)

MCDONALD'S RESTAURANTS OF ARKANSAS, INC.
AND JOHN M. LAZARICH                         DEFENDANTS

AFS:   The Prentice-Hall Corporation System, Arkansas
       300 Spring Building, Suite 900
       300 S. Spring Street
       Little Rock, Arkansas 72201

Filed 11/05/08 10:50:57
Pat O'Brien Pulaski Circuit Clerk
CR5 By _____

## COMPLAINT

COMES NOW the Plaintiff, by and through counsel, Harrill & Sutter P.L.L.C., and for this Complaint, states:

### PARTIES AND JURISDICTION

1. Nikkia Ratliff (Plaintiff) is a resident of Saline County, Arkansas, who worked for Defendants McDonalds, in Pulaski County, Arkansas. McDonalds is a domestic corporation registered to business in the State of Arkansas, in an industry substantially impacting interstate commerce. John M. Lazarich is the owner/operator of McDonalds. Plaintiff was employed by the Defendants in Pulaski County. Consequently, this Court has personal jurisdiction over the parties.

2. This action is brought under the Family Medical Leave Act (FMLA), Title VII, 42 U.S.C. 1981, and the Arkansas Civil Rights Act in an amount exceeding that required for diversity jurisdiction.

3. As one party resides in this Court's county, the other party operates a business in this county, and the acts complained of took place in this county, this Court has subject matter jurisdiction, personal jurisdiction, and venue is proper.

### GENERAL ALLEGATIONS OF FACT

4. Nikkia Ratliff began working for Defendants on February 15, 2005.



EXHIBIT 1

5.  At all times relevant hereto, Plaintiff performed her job satisfactorily.

6.  At all times between January 1, 2006, and the date Plaintiff was terminated, Defendants employed more than fifty (50) individuals within a seventy-five (75) mile radius of Plaintiff's worksite during more than twenty weeks of the year.

7.  At all times between January 1, 2006 and the date of her termination, Plaintiff had worked for Defendants for more than one year, and had worked more than 1250 hours in the previous year.

8.  Plaintiff had HR responsibilities.

9.  During her employment, Plaintiff observed Defendants suspend a white male manager committing sexual harassment. A black female low-level employee who observed the harassment, but did not report it, was terminated for not reporting it. Around the same Defendants fired a black manager for sexual harassment.

10. Plaintiff complained that this was discriminatory both based on race and gender and was told that she had offended her boss.

11. Plaintiff also complained about a manager who made sexual comments to her within a month of her termination.

12. Plaintiff had a long-term mental health condition that required periodic visits to a health care provider and episodically prevented her from doing her job.

13. Plaintiff took time off work for this condition and informed her employer of her condition.

14. In November 2007, Plaintiff went to her boss and indicated she needed more time off work and asked for leave under the FMLA.

15  After one day on leave, Defendants terminated Plaintiff stating that her need for leave was the reason.

16. Other employees have been denied FMLA leave which they were entitled to.

17. Upon information and belief, similarly situated employees who did not complain

of discrimination, who were white, or who were male, were not fired.

## COUNT I – FMLA

18. Plaintiff realleges the foregoing as if fully set out herein.

19. Based on the foregoing, Defendants have violated the Family Medical Leave Act, by failing to give her notice of her rights under the FMLA, interfering with her exercise of FMLA leave rights, denial of reinstatement, and retaliatory discharge.

20. As a direct and proximate cause of Defendants' acts or omissions, Plaintiff has lost wages, lost fringe benefits, lost earning capacity, and has incurred medical expenses which would not otherwise have been incurred.

## COUNT II – ACRA, 42 U.S.C. 1981, Title VII

21. Plaintiff realleges the foregoing as if fully set out herein.

22. Based on the foregoing, Defendants have discriminated against Plaintiff based on her race in violation of the ACRA, 42 U.S.C. 1981, and Title VII.

23. Based on the foregoing, Defendants have discriminated against Plaintiff based on her gender in violation of the ACRA and Title VII.

24. Based on the foregoing, Defendants has discriminated against Plaintiff based on her opposition to and complaints of gender and race discrimination in violation of the ACRA, 42 U.S.C. 1981, and Title VII.

25. As a direct and proximate cause of Defendants' acts or omissions, Plaintiff has suffered severe mental and emotional distress, lost wages, lost fringe benefits, lost earning capacity, and has incurred medical expenses which would not otherwise have been incurred.

26. Defendants' acts have been an egregious, wanton, willful, malicious, intentional, and reckless violation of the laws against discrimination and retaliation, so as to warrant the imposition of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief: back pay, front pay or

reinstatement, compensatory and punitive damages in an amount exceeding that required for diversity jurisdiction, liquidated damages, for a jury trial of all issues so triable, for an injunction requiring Defendants to remove all adverse employment information from her personnel file, for a designation making her rehirable, for a requirement that Defendants post that it has been found to be in violation of the aforementioned laws at Plaintiff's worksite, for involvement of HR and Headquarters in all terminations and for a positive employment recommendation, for retention of all personnel and attendance files of employees for seven years, for retention of all FMLA and discrimination complaints and paperwork for seven years, for a declaratory judgment that Defendants' acts and omissions have violated the FMLA, 42 U.S.C. 1981, Title VII, and ACRA, for an injunction requiring Defendants to comply with the FMLA, 42 U.S.C. 1981, Title VII, and ACRA, for her reasonable attorney's fees and costs, and for all other proper relief.

Respectfully Submitted,

HARRILL & SUTTER, P.L.L.C.
Attorneys at Law
Post Office Box 2012
310 West Conway Street
Benton, Arkansas 72015
(501) 315-1910/ FAX (501) 315-1916
Attorneys for the Plaintiff(s)

By: 
Lucien Gillham, Ark. Bar 99199

g:\doc\Ratliff, Nikkia\cplt.doc

4

```
State of Arkansas
Pulaski County Circuit Court
Office of the County Courthouse         CASE NO.: CV 2008 012038
401 W. Markham, Suite 102
Little Rock, Arkansas 72201             DIV: 9TH - HON. MARY MCGOWAN
                              SUMMONS
                         ( NOTICE OF LAWSUIT )
PLAINTIFFS                              DEFENDANT
    NIKKA RATLIFF                       MCDONALD S RESTAURANT OF ARKANSAS INC
    , ET AL

PLAINTIFFS'S ATTORNEY                   DEFENDANT'S ADDRESS
    LUCIEN GILLHAM
    P.O. BOX 2012
    BENTON, AR 72018
```

THE STATE OF ARKANSAS TO THE ABOVE NAME DEFENDANT(S):

1.  You are hereby notified that a lawsuit has been filed against you by the above named plaintiff(s); The relief asked is stated in the attached complaint.

2.  The attached complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the complaint unless you file a written response or answer and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

    A. It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.
    B. It must be filed in the Pulaski County Circuit Clerk's Office within TWENTY (20) days from the day you were served with this summons.
    C. A copy of your response must be delivered or mailed to the plaintiff or his attorney.

3.  If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you in the time allowed

WITNESS my hand and the seal of said Court this day: November 5,
                                              PAT O'BRIEN, Circuit Clerk
                                              By

STATE OF ARKANSAS, COUNTY OF PULASKI
On this _____ day of _____ 20___, at _____ o'clock
___.M., I have duly served the summons by delivering a copy thereof
stating the substance thereof), together with a copy of the complaint to
_____ such person being:

CHECK APPLICABLE SQUARE:
___ the person named therein as defendant
___ some person residing at defendant's dwelling house or usual place of
    abode who is at least 14 years old, namely_____
___ the duly designated agent for service of process for the defendant,
    namely _____
___ OTHER: _____

                                              _____, SHERIFF
                                    By: _____
                                        Deputy Sheriff